
Cortlan S. Hitch
302.888.6988
chitch@morrisjames.com

July 7, 2023

**VIA CM/ECF**
The Honorable Richard G. Andrews
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

   Re: ***Ragner Technology Corporation, et al. v. Telebrands Corporation, et al.,***
      **C.A. No. 15-741 (RGA)**

Dear Judge Andrews:

  We represent the remaining Defendants True Value Company and Scott True Value Hardware, Inc. in the above-identified action. We write to update the Court on the status of this matter and to request that the Court reopen the proceedings and schedule a status conference.

  On November 6, 2015, the Court issued an Order severing the claims against the remaining Defendants and staying the action against them. (D.I. 21). The Court transferred the action against Telebrands Corp. to the District of New Jersey. The present action has remained administratively terminated. (D.I. 23).

  On December 15, 2022, the U.S. Patent and Trademark Office issued an *Ex Parte* Reexamination Certificate (Ex. A) for U.S. Patent No. 7,549,448 ("the '448 patent"), cancelling claims 13-15, 18 and 26, which are the only claims alleged to be infringed in this action. (D.I. 1 at ¶¶ 45-48). The cancellation of all remaining claims rendered the present action *moot* as of December 15, 2022, and it must be dismissed. *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1347 (Fed. Cir. 2013) ("In light of the cancellation of Baxter's remaining claims, Baxter no longer has a viable cause of action against Fresenius. Therefore, the pending litigation is moot."). Moreover, the Plaintiff cannot now add new claims or causes of action at least because an amended pleading cannot relate back when the Court lacks subject matter jurisdiction over the claim in the original pleading. *Jem D Int'l (Michigan) Inc. USA v. United States*, 2021-1292, 2022 WL 1112813, at *2 (Fed. Cir. Apr. 14, 2022) (citing 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1496 (3d ed. 2021)).

  Defendants met and conferred with Plaintiffs multiple times on this issue, but Plaintiffs were unwilling to agree to a dismissal of the case. Accordingly, Defendants respectfully request leave from the Court to file a motion to lift the stay and for a status conference to discuss the dismissal of this case and any further proceedings.

                                                  Respectfully,

                                                  */s/ Cortlan S. Hitch*

                                                  Cortlan S. Hitch (#6720)

cc:     All counsel of record (via CM/ECF and electronic mail)

# EXHIBIT A



# (12) EX PARTE REEXAMINATION CERTIFICATE (12187th)
# United States Patent
Ragner

(10) Number: US 7,549,448 C1
(45) Certificate Issued: Dec. 15, 2022

(54) **LINEARLY RETRACTABLE PRESSURE HOSE**

(75) Inventor: **Gary Dean Ragner**, Gainesville, FL (US)

(73) Assignee: **RAGNER TECHNOLOGY CORPORATION**

**Reexamination Request:**
No. 90/014,990, Mar. 28, 2022

**Reexamination Certificate for:**
Patent No.: 7,549,448
Issued: Jun. 23, 2009
Appl. No.: 11/234,944
Filed: Sep. 26, 2005

Certificate of Correction issued Nov. 24, 2009

**Related U.S. Application Data**

(62) Division of application No. 10/303,941, filed on Nov. 25, 2002, now Pat. No. 6,948,527.

(60) Provisional application No. 60/335,497, filed on Nov. 24, 2001.

(51) Int. Cl.
*A47L 9/24* (2006.01)
*F16L 11/118* (2006.01)

(52) U.S. Cl.
CPC ............... *A47L 9/24* (2013.01); *F16L 11/118* (2013.01)

(58) **Field of Classification Search**
None
See application file for complete search history.

(56) **References Cited**

To view the complete listing of prior art documents cited during the proceeding for Reexamination Control Number 90/014,990, please refer to the USPTO's Patent Electronic System.

*Primary Examiner* — Terrence R Till

(57) **ABSTRACT**

A linearly self-actuated hose for use in transporting fluids (liquids, gases, solid particles, and combinations of these three). Hose (30) has a biasing spring (36) that extends along its full length, and can comprise single or multiple springs and/or multiple diameter spring coils. Spring (36) is covered with hose cover material (32) on the outside and hose cover material (34) on the inside to form a sealed hose and are bowed inward or outward radially between the individual spring coils depending on the intended use of ho se (30) to give the cover materials room to move out of the way when the hose retracts and the coils of spring (36) are forced close together. The Linearly Retractable Hose is operated by changing internal pressure within the hose relative to the ambient pressure on the exterior of the hose. Control of fluid pressure within hose (30) is what allows the hose to operate as an automatically extendable and retractable hose. The biasing of spring (36) depends on the type of use for the hose. For hose (30b), which will be used as a vacuum hose then the biasing spring (30b) must exert an extending force on the cover material (opposite that for a pressure hose). If the hose is to be used as a pressure hose (garden hose, etc.), spring (36) will need to have a bias that exerts a retracting force on cover materials (32) and (34).



# EX PARTE REEXAMINATION CERTIFICATE

THE PATENT IS HEREBY AMENDED AS INDICATED BELOW.

AS A RESULT OF REEXAMINATION, IT HAS BEEN DETERMINED THAT:

Claims **1-3**, **13-15**, **18-19** and **26-27** are cancelled.

Claims **4-12**, **16-17**, **20-25** and **28-29** were not reexamined.

\* \* \* \* \*