IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAGNER TECHNOLOGY CORPORATION and TRISTAR PRODUCTS, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>TRUE VALUE COMPANY and SCOTT TRUE VALUE HARDWARE, INC.,<br><br>    Defendants. | Civil Action No. 15-741-RGA |

MEMORANDUM ORDER

Before me is Defendants' Motion for Attorneys' Fees. (D.I. 68). I have considered the parties' briefing. (D.I. 69, 71, 73, 75, 76, 79, 80, 81). For the reasons set forth below, this motion is DENIED.

I.   BACKGROUND

Plaintiffs sued Defendants Telebrands Corp. ("Telebrands") and Telebrands' retail customers, True Value Company and Scott True Value Hardware, Inc. ("the True Value Defendants"), for infringement of certain claims in U.S. Patent No. 7,549,448 ("the '448 patent"). (D.I. 1). I heard oral argument and granted Telebrands' motion to sever and stay the True Value Defendants and to transfer the remainder of the action to the District of New Jersey, where litigation between Telebrands and Plaintiffs was already ongoing. (D.I. 21). This case remained stayed until the parties stipulated to dismissal with prejudice. (D.I. 65).

The Patent Office issued an *ex parte* reexamination ("EPR") certificate, cancelling the asserted claims of the '448 patent. (D.I. 41). The True Value Defendants sought to re-open the

1

case and to dismiss for lack of subject-matter jurisdiction. (*Id.*). I permitted Plaintiffs to file an amended complaint asserting claims from U.S. Patent No. 9,022,076 ("the '076 patent") and U.S. Patent No. 9,371,944 ("the '944 patent"). (D.I. 53, 57). I expressed no view as to "whether I would grant a motion to dismiss for lack of subject matter jurisdiction if such a motion were filed" (D.I. 53 at 2) and stated that, in any event, "there [was] no point in litigating this case while the New Jersey litigation remain[ed] pending." (*Id.* at 2 n.1).

The Patent Office conducted EPR proceedings relating to the '076 and '944 patents and issued Notices of Intent to Issue Reexamination Certificates. (D.I. 61). Plaintiffs submitted a letter arguing that the outcome of the Patent Office's reexamination proceedings was "speculative" and that "the validity and enforceability of the asserted patents remain[ed] unaffected" (D.I. 62) and submitted several notices to the Patent Office concerning the ownership of the '076 and '944 patents, which the Patent Office expunged (D.I. 62, 63). The Patent Office then issued Reexamination Certificates, cancelling all claims of the '076 and '944 patents. (D.I. 64). Plaintiffs stipulated to dismissal with prejudice about ten days later. (D.I. 65; *see* D.I. 71 at 6).

## II. LEGAL STANDARD

The Patent Act provides, "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The statute has two basic requirements: (1) that the party seeking fees is a "prevailing party" and (2) that the case is "exceptional." The Supreme Court defines an "exceptional" case as "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the

totality of the circumstances." *Id.* The Supreme Court has provided a non-exclusive list of factors for district courts to consider in deciding whether a case is exceptional, including frivolousness, deterrence, compensation, motivation, and objective unreasonableness in the factual and legal components of the suit. *Id.* at 554 n.6. The moving party bears the burden of proof by a preponderance of the evidence. *Id.* at 557–58.

### III. DISCUSSION

Defendants are the prevailing party, but I do not find this case exceptional.

#### A. Defendants Are the Prevailing Party.

A party is a prevailing party if it "effects or rebuffs a plaintiff's attempt to effect a 'material alteration in the legal relationship between the parties.'" *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1306 (Fed. Cir. 2018) (quoting *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 431 (2016)). "This change must be marked by 'judicial *imprimatur*.'" *CRST*, 578 U.S. at 422 (citing *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health and Hum. Res.*, 532 U.S. 598, 605 (2001)).

Ragner does not contest that Defendants are the prevailing party. (*See generally* D.I. 75). Tristar does not seriously dispute that Defendants are the prevailing party either, instead arguing in a footnote that the cancellation of the '076 and '944 patents was a "fraud." (D.I. 71 at 4 n.1).

First, "arguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived." *Samsung Elecs. Co. v. Netlist, Inc.*, 2022 WL 3027312, at *5 (D. Del. Aug. 1, 2022).

Second, the merits of the cancellation of the '076 and '944 patents are irrelevant to the determination of whether Defendants are the prevailing party. Regardless, it is beyond serious

3

dispute that stipulated dismissal with prejudice makes Defendants the prevailing party. *See, e.g., Internet Media Interactive Corp. v. Shopify Inc.*, 2020 WL 6196292, at *3 (D. Del. Oct. 22, 2020).

### B. This Case Is Not Exceptional.

A case may be exceptional due to the unreasonable manner of litigation or the substantive weakness of a party's litigating position. *See Octane Fitness*, 572 U.S. at 554. Viewed either way, Plaintiffs' conduct does not make this an exceptional case.

There are three instances of Plaintiffs' conduct that Defendants say were unreasonable.

First, Defendants argue that Plaintiffs should have "assessed the soundness of their litigation positions" and "dropped the case" following the cancellation of the '448 patent, rather than amending their complaint to add the '076 and '944 patents. (D.I. 69 at 7). I can hardly fault Defendants for amending their complaint—I invited them to do so, "sooner rather than later." (D.I. 53 at 2 n.1). Both Plaintiffs wanted to keep this case administratively closed (*id.* at 1), which meant that, since I did not reopen the case, amending the complaint did not actually restart the litigation. Plaintiffs further attest that they had always intended to add the '076 and '944 patents to the case as soon as it reopened. (D.I. 71 at 5). That explanation is reasonable enough.

Defendants insist that I lost subject matter jurisdiction as soon as the '448 patent was cancelled. (D.I. 69 at 7). Whatever the merits of Plaintiffs' position with respect to subject matter jurisdiction, an issue on which I expressed no opinion (D.I. 53 at 2), I cannot say that Plaintiffs acted frivolously or objectively unreasonably in declining to voluntarily dismiss the case after the cancellation of the '448 patent.

Second, Defendants argue that Plaintiffs "continued to pursue the case even after being notified of the [EPR] proceedings for the '076 patent and the '944 patent and the conclusions thereof" (D.I. 69 at 8) and "interfere[d] with the progress of both the [EPR] proceedings *and* this

4

action through the improper submission of irrelevant and unsubstantiated Patent Office filings" (*id.*).

With respect to pursuing the case after being notified of the EPR proceedings: I am not convinced that Plaintiffs "pursue[d] the case" at all. (*Id.*). Roughly ten days after the Patent Office issued EPR certificates cancelling the '076 and '944 patents, Plaintiffs stipulated to dismissal with prejudice. (D.I. 65). Defendants seemingly argue that Plaintiffs should have dropped the case of their own accord as soon as the Patent Office issued the Notices of Intent to Issue Reexamination Certificates, before the '076 and '944 patents were even cancelled, and that anything less than that would be unreasonable. That is too high a bar.

With respect to Plaintiffs' submission of "irrelevant and unsubstantiated Patent Office filings" (D.I. 69 at 8), I do not offer an opinion on whether Plaintiffs' conduct was improper.[1] Plaintiffs insist that the EPR proceedings were "instituted by Telebrands purporting to act as patent owner, despite the fact that Telebrands' purported assignment was void [from the beginning] because Telebrands knew that Tristar held a right of first refusal regarding the sale of the patents. . . ." (D.I. 71 at 6). Though I express no view as to the merits of that argument, I am not surprised Plaintiffs felt compelled to make it to the Patent Office—even if the vehicle through which they did so might have been improper.

Setting aside the perceived urgency of Plaintiffs' ownership argument, it is difficult to envision how Plaintiffs' conduct before the Patent Office and its singular docket submission (D.I.

---

[1] The Court of Appeals noted, in relation to a different issue about an exceptional case determination, "a district court is particularly well-positioned to determine whether a case before it is exceptional because it lives with the case over a prolonged period of time, . . . [but that rationale does not apply to proceedings] in which they had no involvement." *Dragon Intellectual Prop. LLC v. Dish Network L.L.C.*, 101 F.4th 1366, 1372 (Fed. Cir. 2024), *cert. denied*, 145 S. Ct. 1176 (2025). I was not involved in the EPR proceedings. I am not in a position to resolve questions of conduct in those proceedings.

5

62) informing me of the same had any impact on *this* litigation. Defendants argue that Plaintiffs were attempting to "prejudice the True Value Defendants before this Court and to interfere with the progress of this litigation." (D.I. 69 at 9). What progress? This case was administratively closed for nearly nine years, from November 24, 2015, to its dismissal on April 29, 2024. Any prejudice to the True Value Defendants, which would be minimal, was harmless.

Third, Defendants argue that Plaintiffs "named [the True Value Defendants] as defendants merely to force the Court to retain jurisdiction over the case" despite their status as "insignificant market players with respect to expandable hoses[] with no connection to the alleged patent infringement. . . ." (*Id.*). This argument is a non-starter—the True Value Defendants' status as "insignificant market players" (*id.*) does not shield them from suit, and the argument that they had "no connection to the alleged patent infringement" (*id.*) is incorrect given that "[t]he True Value Defendants sold accused products manufactured and provided to them by Telebrands" (D.I. 69 at 8).

To conclude: I agree with Plaintiffs that "this case was barely litigated at all." (D.I. 71 at 8) (quoting *In re Kerydin (Tavaborole) Topical Solution 5% Patent Litig. v. Lupin Ltd.*, 2021 WL 5168580, at *4 (D. Del. June 23, 2021), *report and recommendation adopted*, 2021 WL 4398356 (D. Del. Sept. 27, 2021)). The case was stayed for nearly nine years. Neither party took any discovery. Once the Patent Office cancelled the asserted patents, Plaintiffs promptly stipulated to dismissal with prejudice. I am not persuaded that the totality of the circumstances favors determining that this was an exceptional case. I deny the award of attorneys' fees.


IT IS SO ORDERED.

Entered this 7th day of August, 2025

_____
United States District Judge